UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :

         v.              :  NO. 3:02CR89(EBB)

DONOVAN SCOTT                   :

<u>RULING ON MOTION FOR POST-CROSBY PROCEEDINGS</u>

Pending before the court is the government's Motion for Post-<u>Crosby</u> Proceedings on Remand.  The government and the defendant have submitted memoranda and the court has reviewed the defendant's sentence under the guidance of <u>United States</u> <u>v</u>. <u>Crosby</u>, 397 F.2d 103 (2d Cir. 2005).

Following his guilty plea to a violation of 8 U.S.C. § 1326(a), concerning illegal reentry into this country of a deported alien, defendant was sentenced to a seventy-month term of imprisonment, to be followed by a three-year term of supervised release, and a special assessment of $100.

The accuracy of this court's determination of defendant's applicable sentencing guideline range, 70 to 87 months, has been affirmed by the appellate court, <u>United States</u> <u>v</u>. <u>Scott</u>, 387 F.3d 139 (2d Cir. 2004), and that range must be considered, together with the factors enumerated in 18 U.S.C. § 3553(a), in determining whether a guideline or a non-guidelines sentence is appropriate.  <u>Crosby</u> at 113.

In his memorandum defendant argues that he is being punished more severely than other aliens who have entered this country illegally and have thereafter committed additional

crimes because he was found in the United States while he was serving a period of probation whereas another defendant, who had completed service of his sentence prior to being found, would not have had the two-point enhancement to his adjusted offense level applicable to this defendant merely because of the fortuity of when he was found.  The need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct is a factor the court must consider under the provisions of 18 U.S.C. § 3553(a)(6). However, because defendant's seventy-month sentence falls within a guideline range determined without the two-point adjustment, he has not demonstrated that he is being punished more severely than other similarly situated defendants.

The court, as mandated by Crosby, has considered the guideline range and all the factors set forth in section 3553 and has determined that defendant's sentence would have been essentially the same had the now applicable requirements been in effect.

The motion [Doc. No. 27] is granted and the court holds that resentencing is not required.

SO ORDERED.


_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this ___ day of May, 2005.

2